## RUDOLPH v De CHANT et

Ohio Appeals, 9th Dist, Lorain Co.

No 877.   Decided April 27, 1938

Deutsch & Dilgren, Elyria, for appellant.

D. B. Symons, Elyria, for appellee-DeChant.

R. H. Rice, Elyria, for appellee Forthofer.

**OPINION**

By DOYLE, J.

Action was brought by the plaintiff against defendants to recover damages for personal injuries alleged to have been sustained by her when her auto-

mobile, driven by her husband, came into collision with a truck owned by the defendant DeChant. Trial to a jury resulted in a verdict for defendants. Appeal on questions of law brings before this court for determination the propriety of the judgment entered by the trial court.

The facts as shown by the record are these: Shortly after midnight on the evening of September 12, 1934, plaintiff, riding in an automobile owned by her, and driven by her husband, was proceeding in a southerly direction on Case road, returning to Elyria from a dinner which she and her husband had attended. The two defendants, DeChant and Forthofer, had met on Case road, each of them driving trucks loaded with produce—DeChant going south, and Forthofer proceeding north. As the car driven by plaintiff's husband approached the point of collision, the driver, claiming that he was blinded by the lights of the Forthofer truck, passed that truck, and, not seeing the DeChant truck in front of him in the same traffic lane in which he was driving until he was so close to it that he could not stop, ran into the rear end of said truck; and in that collision the plaintiff sustained the injuries which form the basis for her claim for damages in this action.

Numerous assignments of error have been urged by appellant (the plaintiff below), all of which have been examined and considered by the court; and this court is of the opinion that all of said assignments of error should be resolved against the claims of the appellant, and that, with one exception, they do not require separate discussion.

The principal error relied upon by the appellant had to do with the question of imputing, to the plaintiff, the negligence of the driver of the car in which plaintiff was riding, and also with the court's statement of that issue.

In defining the issues, the court stated as the third issue to be considered by the jury the following:

"Did any negligence or want of care on the part of the plaintiff or her husband cause or contribute to cause such injuries?"

It is claimed by the appellant that under the evidence in this case there was no basis for such a statement of that issue; that it does not appear that the driver of the car in which plaintiff was riding was the agent of plaintiff, and that therefore his negligence, if he was guilty of any negligence, could not be imputed to the plaintiff.

In that connection, the record discloses that both plaintiff and her husband testified upon direct examination that the husband, Carl Rudolph, was driving, at the time and place in question, for the plaintiff. On re-examination of Carl Rudolph, he attempted to change that testimony by saying that he was driving for both plaintiff and himself, but the plaintiff did not in any way modify her testimony, originally given, and there was no evidence tending to controvert the testimony of plaintiff and her husband. Under such circumstances, the conclusion was justified that Carl Rudolph was driving as the agent of the plaintiff, and that his negligence was her negligence and imputable to her.

A reading of the entire record herein discloses no error prejudicial to the rights of the plaintiff. The case presented issues essentially for determination by a jury, and this court is unable to unanimously agree that the verdict reached by the jury was manifestly against the weight of the evidence.

The judgment of the trial court will be affirmed.

STEVENS, PJ. & WASHBURN, J, concur.